1  Sonja S. Weissman (SBN 154320)
   Dana A. Blanton (SBN 232373)
2  REED SMITH LLP
   1999 Harrison St., Suite 2400
3  Oakland, CA 94612
   Telephone:    510.763.2000
4  Facsimile:    510.273.8832
   Email: sweissman@reedsmith.com;
5  dblanton@reedsmith.com

6  Michael K. Brown (SBN 104252)
   Ginger Heyman Pigott (SBN 162908)
7  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
8  Los Angeles, CA 90071
   Telephone:    213.457.8000
9  Facsimile:    213.457.8080
   Email: mkbrown@reedsmith.com;
10 gheyman@reedsmith.com

11 Attorneys for Defendant
   Medtronic, Inc.

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15 JEFFREY SPICER,                      No.: C08-02789 MEJ

16              Plaintiff,              (Removal of San Mateo Superior Court Case
                                        No. CIV 470954)
17      vs.
                                        **NOTICE OF REMOVAL OF**
18 MEDTRONIC, INC., MEDTRONIC PS        **MEDTRONIC, INC. UNDER 28 U.S.C.**
   MEDICAL, INC., and Does 1 to 50,     **1441(a)**
19
                Defendants.
20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLEASE TAKE NOTICE that defendant Medtronic, Inc. ("Medtronic") hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of San Mateo to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332 and 1441.  As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Medtronic has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of this Notice of Removal, Medtronic states the following:

## I.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1.    On March 6, 2008, Plaintiff Jeffrey Spicer ("Plaintiff") commenced this action entitled *Spicer v. Medtronic, Inc., et al.*, Case No. CIV 470954 against Medtronic, Inc. by filing a Complaint with the Superior Court of the State of California in and for the County of San Mateo. On May 2, 2008, Plaintiff filed an Amended Complaint, which added and Medtronic PS Medical, Inc. ("Medtronic PS Medical")[1] as a defendant.  Plaintiff's Amended Complaint purports to plead a number of causes of action, but all of Plaintiff's putative claims are premised on the basic allegation that he was injured by allegedly defective Medtronic "tunneling tool and tip (also described as a carrier)."  (Amended Compl. Pg. 4, ¶ Prod. L-1).  A true and correct copy of the original Complaint and the First Amended Complaint are attached hereto as Exhibits "A" and "B" respectively.

2.    The Amended Complaint was served on Medtronic on May 5, 2008.  Medtronic is informed and believes that defendant Medtronic PS Medical was also served on May 5, 2008. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441.

---

[1] Plaintiff refers to Medtronic PS Medical as "Medtronic PS Medical, Inc. dba Medtronic Neurologic Technologies." (Complaint at ¶1)  This is not the correct entity name, but as set forth herein, the entity is not properly a defendant in this case in any event.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3.    All properly joined and served defendants consent to this removal.[2]

4.    The Superior Court of the State of California in and for the County of San Mateo is located within the Northern District of California. *See* 28 U.S.C. § 83. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.    On June 3, 2008, Medtronic filed an Answer to the Complaint. A true and correct copy of Medtronic's Answer filed in this action is attached hereto as Exhibit "C."

6.    No previous application has been made for the relief requested herein.

7.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Medtronic, including the Complaint and Summons, are attached hereto.

8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Superior Court of the State of California in and for the County of San Mateo.[3]

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

---

[2] The Complaint purports to name Medtronic PS Medical, Inc. as codefendant. As discussed below, however, Medtronic PS Medical has been fraudulently joined as a defendant herein. Accordingly, Medtronic PS Medical's consent to this removal is not required. *See* 28 U.S.C. § 1441(b); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are fraudulently joined need not join in removal).

[3] By filing a Notice of Removal in this matter, Medtronic does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Medtronic specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

NOTICE OF REMOVAL OF DEFENDANT MEDTRONIC, INC. UNDER 28 U.S.C.§ 1441(a)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

II.     **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and it is apparent that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.

A.      **Diversity of Citizenship**

10.     There is complete diversity between Plaintiff and the sole properly joined defendant, Medtronic.

11.     Medtronic is now, and at the time of the filing of this action was, a corporation existing under the laws of the State of Minnesota, having its principal place of business in the State of Minnesota. Medtronic thus is a citizen of Minnesota for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

12.     Medtronic is informed and believes that plaintiff is, and was at the time of the filing of this action, a citizen of the state of California.

13.     Upon information and belief, none of the Doe defendants have been substituted with any named defendants or been served with process in the state court action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(a); *accord Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Therefore, the citizenship of Does 1 to 50 should be disregarded for purposes of diversity.

14.     Because the remaining named defendant – Medtronic PS Medical – is fraudulently joined, its citizenship must likewise be ignored for the purpose of determining the propriety of removal. *See McCabe*, 811 F.2d at 1339. *Accord Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds.") (citations omitted).

15.     As the Ninth Circuit has explained, "[f]raudulent joinder is a term of art." *McCabe*, 811 F.2d at 1339. It "is not intended to impugn the integrity of Plaintiff or [his] counsel." *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998). A defendant is fraudulently joined and its presence in the lawsuit is ignored for purposes of determining diversity where no viable cause of action has been stated against the resident defendant. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey*, 139 F.3d at 1318-19; *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

16.     A defendant is fraudulently joined and its presence in the lawsuit is ignored for purposes of determining diversity "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067; *Ritchey*, 139 F.3d at 1318-19; *TPS Utilicom Services Inc.*, 223 F. Supp. 2d 1089, 1100 (C.D. Cal. 2002) (citations omitted).

17.     The Ninth Circuit has made clear that "[w]here fraudulent joinder is an issue . . . '[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'" *Ritchey*, 139 F.3d at 1318 (*quoting McCabe*, 811 F.2d at 1339). Thus, "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris*, 236 F.3d at 1068 (citation omitted). *Accord Ritchey*, 139 F.3d at 1318 ("If we had been required [in *McCabe*] to look at facts outside of the complaint to decide that issue, we would have done so."); *McCabe*, 811 F.2d at 1339 (considering sworn Declarations in determining fraudulent joinder issue).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

18.  Thus, "a removing defendant" may "submit facts showing that a resident defendant had 'no real connection with the controversy.'" *Ritchey*, 139 F.3d at 1318 (*quoting Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  That is precisely the situation here.  Medtronic PS Medical is not properly joined as a defendant in this suit because, as the Declaration submitted by Medtronic establishes, Medtronic PS Medical is not now, and has never been, a manufacturer, seller, distributor, or marketer of "tunneling tool[s]" and/or "tip[s] (also described as . . . carrier[s])" that plaintiff alleges caused his injury.  (See Amended Compl. Pg. 4, ¶ Prod. L-1; and Declaration of William J. Hooper In Support of Medtronic Inc.'s Notice of Removal, ("Hooper Decl.") attached hereto as Exhibit "D" at ¶2).  In fact, the tunneling tool and tip at issue in this lawsuit was manufactured by another Medtronic entity that is incorporated in and has its principle place of business in Minnesota.  (Hooper Decl., Exh. D, ¶2).  Therefore, Medtronic PS Medical is not a proper defendant to this action.

19.  Accordingly, Medtronic PS Medical was improperly joined as a defendant and its citizenship may not be considered in assessing whether there is diversity of citizenship under 28 U.S.C. § 1332.

20.  Because Plaintiff is, on information and belief, a citizen of California and the sole properly named Defendant, Medtronic, is not a citizen of California, complete diversity exists in this action.

**B.    Amount in Controversy**

21.  The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.  Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000.  Where, as here, the plaintiff fails to allege a specific amount of damages in the complaint, the District Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

22.    Plaintiff here allege injuries as a result of his physician's use of "a tunneling tool and tip (also described as a carrier)," used to assist with connection of extensions used in Deep Brain Stimulation ("DBS") device placement. (Complaint at pg. 4, ¶ Prod. L-1). Plaintiff does not seek to limit the amount of compensatory damages that he alleges he is entitled to receive.

23.    Plaintiff alleges that the tunneling tool and tip (also described as a carrier) were defective, and that as a result he was injured. (Complaint at pg. 4, ¶ Prod. L-1). Plaintiff alleges that his damages include general damages, damages for medical and hospital expenses, loss of wages, and loss of earning capacity. (Complaint at ¶ 11).

24.    Based on these allegations, it is "facially apparent" from his Complaint that Plaintiff seeks an amount in excess of $75,000.

25.    Other federal courts have found that the amount in controversy likely exceeds $75,000 in cases alleging similar types of damages. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding it "facially apparent" that plaintiff's claim exceeded $75,000 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after her hospitalization); *White*, 319 F.3d at 674 (finding it "facially apparent" that plaintiff's wrongful termination claim exceeded $75,000 based on claims for loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, etc.). The District Court in *White* concluded that the compensatory damages alone "in all likelihood" exceeded $75,000. *White*, 319 F.3d at 675.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 6 -

1    WHEREFORE, Medtronic respectfully removes the above-described action from the

2  Superior Court of the State of California in and for the County of San Mateo to this Court.

3

4  DATED: June 4, 2008.                    REED SMITH LLP

5

6                                          By
                                              Sonja S. Weissman
7                                             Dana A. Blanton
                                              Attorneys for Defendant
8                                             Medtronic Inc.

9  DOCSOAK-9909323.3

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

NOTICE OF REMOVAL OF DEFENDANT MEDTRONIC, INC. UNDER 28 U.S.C.§ 1441(a)

# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
    Thomas A. Cohen (#154581)
    639 Front St., 4th floor
    San Francisco, CA 94111

TELEPHONE NO: 415-777-1997        FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* tomcohen@ionix.net
ATTORNEY FOR *(Name):* Jeff Spicer

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF: Jeff Spicer

DEFENDANT: Medtronic, Inc.

[✓] DOES 1 TO  50

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED** *(Number):*

Type *(check all that apply):*
[ ] **MOTOR VEHICLE**   [✓] **OTHER** *(specify):*
    [ ] **Property Damage**        [ ] **Wrongful Death**
    [✓] **Personal Injury**        [ ] **Other Damages** *(specify):*

Jurisdiction *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE**
    Amount demanded    [ ] does not exceed $10,000
                       [ ] exceeds $10,000, but does not exceed $25,000
[✓] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

**E-FILED**
**SAN MATEO COUNTY**
**MAR 06, 2008**
Clerk of the Superior Court
By _____U. FINAU_____
            DEPUTY CLERK

CASE NUMBER:

**CIV 470954**

1. Plaintiff *(name or names):* Jeff Spicer
   alleges causes of action against defendant *(name or names):*
   Medtronic, Inc.
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE: Spicer v. Medtronic | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant *(name):* Medtronic, Inc.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers):* 1-25 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers):* 26-50 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001 [Rev. January 1, 2007]    **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**    Page 2 of 3

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Spicer v. Medtronic | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☑ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other *(specify)*:
        Breach of warranty

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: March 6, 2008

Thomas A. Cohen
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

First _____     **CAUSE OF ACTION—Products Liability**     Page ___4___
    *(number)*

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Jeff Spicer

**Prod. L-1.** On or about *(date):* March 9, 2007      plaintiff was injured by the following product:
A Medtronic tunneling tool and tip, a Class I medical device, used in Deep Brain Stimulation surgery.

**Prod. L-2.** Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
    ☑ used in the manner intended by the defendants.
    ☐ used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

**Prod. L-3.** Plaintiff was a
    ☑ purchaser of the product.      ☐ user of the product.
    ☐ bystander to the use of the product.      ☐ other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

**Prod. L- 4.** ☑ **Count One—Strict liability** of the following defendants who
    a. ☑ manufactured or assembled the product *(names):*
        Medtronic, Inc.

        ☑ Does 1 _____ to 25 _____

    b. ☑ designed and manufactured component parts supplied to the manufacturer *(names):*
        Medtronic, Inc.

        ☑ Does 26-50 _____ to _____

    c. ☑ sold the product to the public *(names):*
        Medtronic, Inc.

        ☑ Does 1 _____ to 25 _____

**Prod. L-5.** ☑ **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
    Medtronic, Inc.
        ☑ Does 1 _____ to 25 _____

**Prod. L-6.** ☑ **Count Three—Breach of warranty** by the following defendants *(names):*
    Medtronic, Inc.
        ☑ Does 1 _____ to 25 _____
    a. ☑ who breached an implied warranty
    b. ☐ who breached an express warranty which was
        ☐ written    ☐ oral

**Prod. L-7.** ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
    ☐ listed in Attachment-Prod. L-7    ☐ as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]
**CAUSE OF ACTION—Products Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT B**

5/5/08 → 2:30P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED FILED
SAN MATEO COUNTY

MAY  2 2008

Clerk of the Superior Court
By _____ C. KANTARIS
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Medtronic, Inc., Medtronic PS Medical, Inc. and Does 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jeffrey Spicer

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Mateo Superior Court
400 County Center
Redwood City, CA 94063

CASE NUMBER
*(Número del Caso):*
CIV 470954

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas A. Cohen, 639 Front St., 4th floor, San Francisco, CA 94111, (415) 777-1905

DATE:
*(Fecha)* MAY  2 2008     JOHN C. FITTON  Clerk, by _____ C. KANTARIS , Deputy
                                        (Secretario)                        (Adjunta)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [✓] on behalf of (specify): MEDTRONIC, Inc.
   under: [✓] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465

11620942.tif - 5/5/2008 11:52:51 AM

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Medtronic, Inc.; Medtronic PS Medical, Inc. and Does 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Jeffrey Spicer

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Mateo Superior Court<br>400 County Center<br>Redwood City, CA 94063 | CASE NUMBER<br>*(Número del Caso):*<br>CIV 470954 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas A. Cohen, 639 Front St., 4th floor, San Francisco, CA 94111. (415) 777-1905

| DATE:<br>*(Fecha)* MAY 2 2008 | JOHN C. FITTON Clerk, by | O. KANTARIS | , Deputy |
|---|---|---|---|
| | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): *Medtronic, Inc.*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

PLD-PI-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Thomas A. Cohen (#134581)
639 Front St., 4th floor
San Francisco, CA 94111

TELEPHONE NO.: 415-777-1997   FAX NO. *(Optional):* 415-777-1990
E-MAIL ADDRESS *(Optional):* tomcohen@ionix.net
ATTORNEY FOR *(Name):* Plaintiff Jeffrey Spicer

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

**PLAINTIFF:** Jeffrey Spicer

**DEFENDANT:** Medtronic, Inc., Medtronic PS Medical, Inc.

☑ DOES 1 TO 50

*FOR COURT USE ONLY*

**E-FILED**
SAN MATEO COUNTY
**MAY 02, 2008**
Clerk of the Superior Court
By _____ U. FINAU _____
DEPUTY CLERK

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☑ AMENDED *(Number):* First
**Type** *(check all that apply):*
☐ MOTOR VEHICLE   ☐ OTHER *(specify):*
☐ Property Damage   ☐ Wrongful Death
☐ Personal Injury   ☐ Other Damages *(specify):*

**Jurisdiction** *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded ☐ does not exceed $10,000
☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
☐ from limited to unlimited
☐ from unlimited to limited

CASE NUMBER:
CIV 470954

1. Plaintiff *(name or names):* Jeffrey Spicer
alleges causes of action against defendant *(name or names):*
Medtronic, Inc. and Medtronic PS Medical, Inc. dba Medtronic Neurologic Technologies
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Spicer v. Medtronic | CIV 470954 |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): Medtronic, Inc.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☒ except defendant (name): Medtronic PS Medical
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-25 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 26-50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because:
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Spicer v. Medtronic | CIV 470954 |

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☑ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other (specify):

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☐ other damage (specify):

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit, for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: May 2, 2008

/s/ Thomas A. Cohen
_____     ▶     _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(5)

| SHORT TITLE: Spicer v. Medtronic | CASE NUMBER: CIV 470954 |
|---|---|

First _____ CAUSE OF ACTION—Products Liability    Page: ___4___
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint
(Use a separate cause of action form for each cause of action.)

Plaintiff (name): Jeffrey Spicer

RECEIVED
MAY 02, 2008
SUPERIOR COURT
CIVIL DIVISION

Prod. L-1. On or about (date): March 9, 2007    plaintiff was injured by the following product:
A tunneling tool and tip (also described as a carrier), a Class I medical device, used to place and connect subcutaneous extensions to a pulse generator following surgery the previous week to implant a deep brain stimulation device.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being

☒ used in the manner intended by the defendants.
☐ used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
☒ purchaser of the product. ☐ user of the product.
☐ bystander to the use of the product. ☒ other (specify):
surgical patient--product used in surgery

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. ☒ Count One—Strict liability of the following defendants who
a. ☒ manufactured or assembled the product (names):
Medtronic, Inc.; Medtronic PS Medical, Inc.

☒ Does 1 to 25

b. ☒ designed and manufactured component parts supplied to the manufacturer (names):
Medtronic, Inc.; Medtronic PS Medical, Inc.

☒ Does 25 to 50

c. ☒ sold the product to the public (names):
Medtronic, Inc.; Medtronic PS Medical, Inc.

☒ Does 1 to 25

Prod. L-5. ☒ Count Two—Negligence of the following defendants who owed a duty to plaintiff (names):
Medtronic, Inc.; Medtronic PS Medical, Inc.

☒ Does 1 to 25

Prod. L-6. ☒ Count Three—Breach of warranty by the following defendants (names):
Medtronic, Inc.; Medtronic PS Medical, Inc.

☒ Does 1 to 25

a. ☒ who breached an implied warranty
b. ☐ who breached an express warranty which was
☐ written ☐ oral

Prod. L-7. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment Prod. L-7 ☐ as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

CAUSE OF ACTION—Products Liability

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT C**

1  Sonja S. Weissman (SBN 154320)
   Dana A. Blanton (SBN 232373)
2  REED SMITH LLP
   1999 Harrison St., Suite 2400
3  Oakland, CA 94612
   Telephone:    510.763.2000
4  Facsimile:    510.273.8832
   Email: sweissman@reedsmith.com;
5  dblanton@reedsmith.com

6  Michael K. Brown (SBN 104252)
   Ginger Heyman Pigott (SBN 162908)
7  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
8  Los Angeles, CA 90071
   Telephone:    213.457.8000
9  Facsimile:    213.457.8080
   Email: mkbrown@reedsmith.com;
10 gheyman@reedsmith.com

11 Attorneys for Defendant
   Medtronic, Inc.

12

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14               FOR THE COUNTY OF SAN MATEO

15

16

17 JEFFREY SPICER,                    Case No.: CIV 470954

                  Plaintiff,          **DEFENDANT MEDTRONIC, INC.'S**
18                                     **ANSWER TO PLAINTIFF'S FIRST**
                                       **AMENDED COMPLAINT AND DEMAND**
19      vs.                           **FOR JURY TRIAL**

20 MEDTRONIC, INC., MEDTRONIC PS       Compl. Filed:    May 2, 2008
   MEDICAL, INC., and DOES 1 to 50,
21
                  Defendants.
22

23

24

25

26

27

28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

ENDORSED FILED
SAN MATEO COUNTY

JUN 3 - 2008

Clerk of the Superior Court
By C. KANTARIS
DEPUTY CLERK

Defendant Medtronic, Inc.'s Answer to Plaintiff's Complaint and Jury Demand

1    Defendant Medtronic, Inc. ("Medtronic") answers the First Amended Complaint

2    ("Complaint") of Plaintiff Jeffrey Spicer as follows:

3

4                                **GENERAL DENIAL**

5

6        Answering Plaintiff's unverified First Amended Complaint, Medtronic denies each and every

7    allegation contained therein and denies that by reason of any act or omission by Medtronic, its

8    agents, employees, or independent contractors, Plaintiff was injured or damaged in any sum, or at

9    all.

10

11                           **AFFIRMATIVE DEFENSES**

12

13       Medtronic, while reserving the right to assert other defenses as discovery proceeds, and

14   without assuming the burden of proof when the burden of proof rests on Plaintiff, asserts the

15   following separate and independent affirmative defenses in further opposition to the Complaint:

16

17                        **FIRST AFFIRMATIVE DEFENSE**

18

19       Plaintiff's Complaint, and each count and claim contained therein, fails to state a claim upon

20   which relief can be granted.

21

22                      **SECOND AFFIRMATIVE DEFENSE**

23

24       Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation,

25   including without limitation, Code of Civil Procedure Sections 335.1, 337, and 399.

26

27

28

                                          - 1 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, waiver, estoppel, unclean hands, and/or laches.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the express preemption clause of the Medical Device Amendments of 1976, 21 U.S.C. § 360c et seq., which expressly preempts state requirements that are "different from, or in addition to" the requirements imposed by federal law. 21 U.S.C. § 360k(a)(1); *Riegel v. Medtronic, Inc.*, 552 U.S. ___, 128 S. Ct. 999, 1002, 1011 (2008).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Food and Drug Administration has exclusive or primary jurisdiction over the matters asserted in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are preempted, in whole or in part, by federal laws and regulations, including without limitation those governing the labeling, advertisement and sale of medical devices.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are preempted, in whole or in part, by the deference state law gives to discretionary actions by the Food and Drug Administration under the Food, Drug and Cosmetic Act, and the Medical Device Amendments thereto.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because there is no private right of action under the Food, Drug and Cosmetic Act for claims such as those asserted by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at all times relevant to the Complaint, Medtronic met or exceeded the requisite standard of care.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Medtronic did not owe any duty to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because no act or omission on Medtronic's part caused or contributed to the alleged injuries and damages described in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if any, were the result of intervening and/or superseding causes.

- 3 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

### THIRTEENTH AFFIRMATIVE DEFENSE

3      Plaintiff's claims are barred, in whole or in part, by Plaintiff's comparative or contributory

4   fault or negligence.

5

6

### FOURTEENTH AFFIRMATIVE DEFENSE

7

8      Plaintiff's claims are barred, in whole or in part, because no action or inaction by Medtronic

9   was the proximate cause of Plaintiff's alleged damages, if any.

10

11

### FIFTEENTH AFFIRMATIVE DEFENSE

12

13      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any,

14   were caused in whole or in part by the acts or omissions of Plaintiff or third parties over whom

15   Medtronic had no control or authority.

16

17

### SIXTEENTH AFFIRMATIVE DEFENSE

18

19      Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risk of his

20   alleged injuries, if any, and engaged in the activities alleged in the Complaint after giving his

21   informed consent.

22

23

### SEVENTEENTH AFFIRMATIVE DEFENSE

24

25      Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine,

26   because Medtronic provided adequate warnings to learned intermediaries.

27

28

- 4 -

Defendant Medtronic, Inc.'s Answer to Plaintiff's First Amended Complaint and Jury Demand

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries or damages sustained by Plaintiff may have been caused by the misuse or abuse of Medtronic's products by Plaintiff or other persons.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Medtronic's products may have been substantially changed after they left Medtronic's control and before Plaintiff suffered any alleged injuries or damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries or damages sustained by Plaintiff may have been caused by the alteration and/or method of implantation and/or maintenance of Medtronic's products after they left Medtronic's control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries or damages sustained by Plaintiff may have been the direct result of Plaintiff's pre-existing medical conditions, sub-medical conditions, natural causes, or the result of other circumstances over which Medtronic had no control and for which Medtronic is not responsible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries or damages sustained by Plaintiff may be the result of an unforeseeable series of events over which Medtronic had no control, and as such, constitutes acts of God for which Medtronic cannot be held liable.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries or damages sustained by Plaintiff may be the result of idiosyncratic reactions by Plaintiff that were not reasonably foreseeable and for which Medtronic cannot be held liable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the risks associated with the use of the medical devices at issue, if any, are outweighed by the utility and benefits such devices provide.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the medical device at issue was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the methods, standards and techniques of designing, manufacturing and labeling the medical devices at issue complied with and conformed to the generally recognized state of the art at the time such devices were designed,

- 6 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   manufactured and labeled.

2

3               **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

4

5       Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to assert a feasible

6   safer design for Medtronic's products alleged to be defective.

7

8               **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

9

10      Plaintiff's claims are barred, in whole or in part, because Medtronic acted reasonably and in

11  good faith at all times material herein, based on all relevant facts and circumstances known by

12  Medtronic at the time it acted.

13

14              **TWENTY-NINTH AFFIRMATIVE DEFENSE**

15

16      Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely reasonably on

17  any act, omission or representation made by Medtronic.

18

19               **THIRTIETH AFFIRMATIVE DEFENSE**

20

21      Plaintiff's claims are barred, in whole or in part, because there was no defect in the device at

22  issue at the time it left Medtronic's possession.

23

24              **THIRTY-FIRST AFFIRMATIVE DEFENSE**

25

26      Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff alleges that

27  Medtronic failed to warn about alleged defects in the device at issue or other alleged causes of

28  Plaintiff's injuries or damages, if any, the doctors and other health care providers associated with the

                                        - 7 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  device were or should have been aware of any risks or hazards associated with it, and to the extent

2  that such doctors and health care providers failed to advise, inform or warn Plaintiff of such risks or

3  hazards, Medtronic cannot be held responsible.

4

5                    **THIRTY-SECOND AFFIRMATIVE DEFENSE**

6

7      Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to plead

8  actual injury.

9

10                    **THIRTY-THIRD AFFIRMATIVE DEFENSE**

11

12     Plaintiff's claims are barred, in whole or in part, to the extent that the alleged injuries are too

13  remote from Medtronic's conduct to state a claim.

14

15                    **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

16

17     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

18

19                    **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

20

21     Medtronic adopts and incorporates by reference as if fully set out herein any and all defenses

22  which are or may become available to it under the Restatement (Second) of Torts § 402A and all

23  comments thereto, and the Restatement (Third) of Torts §§ 1-21 and comments thereto.

24

25                    **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

26

27     Plaintiff's claims are barred, in whole or in part, by the principles set forth in the Restatement

28  (Second) of Torts § 388, Comment n, and any similar doctrines and/or principle in the Restatement

- 8 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    (Third) of Torts.

2

3                    **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

4

5         Plaintiff's claims are barred, in whole or in part, by the principles set forth in the Restatement

6    (Second) of Torts § 402A, Comment k, and the Restatement (Third) of Torts: Products Liability § 6.

7

8                     **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

9

10        Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff allege failure

11   to warn by Medtronic, the doctors and other health care providers who were associated with the

12   device at issue, or were or should have been aware of any risk and/or hazard that Plaintiff alleges

13   rendered the device defective and allegedly caused Plaintiff's damages, if any, failed to warn

14   Plaintiff of such risks and/or hazards.

15

16                     **THIRTY-NINTH AFFIRMATIVE DEFENSE**

17

18        Plaintiff's warranty-based claims are barred, in whole or in part, because Medtronic did not

19   make or breach any warranties that are applicable to Plaintiff.

20

21                      **FORTIETH AFFIRMATIVE DEFENSE**

22

23        Plaintiff's warranty-based claims are barred, in whole or in part, by Plaintiff's failure to give

24   proper or timely notice of any alleged defect or breach of warranty.

25

26                     **FORTY-FIRST AFFIRMATIVE DEFENSE**

27

28        Plaintiff's warranty-based claims are barred, in whole or in part, because Plaintiff was not in

Defendant Medtronic, Inc.'s Answer to Plaintiff's First Amended Complaint and Jury Demand

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    privity with Medtronic.

2

3    ### FORTY-SECOND AFFIRMATIVE DEFENSE

4

5    Plaintiff's warranty-based claims are barred, in whole or in part, by any and all express

6    conditions, disclaimers, modifications or exclusions made by Medtronic.

7

8    ### FORTY-THIRD AFFIRMATIVE DEFENSE

9

10    Plaintiff's warranty-based claims are barred, in whole or in part, by Plaintiff's lack of

11    reliance on any such warranties.

12

13    ### FORTY-FOURTH AFFIRMATIVE DEFENSE

14

15    Plaintiff's warranty-based claims are barred, in whole or in part, by Plaintiff's failure to

16    satisfy all conditions precedent or subsequent to the enforcement of any such alleged warranties.

17

18    ### FORTY-FIFTH AFFIRMATIVE DEFENSE

19

20    Plaintiff's claims are barred, in whole or in part, because the promotion of products sold or

21    manufactured by Medtronic is protected by the First Amendment of the United States Constitution

22    and similar provisions in applicable state constitutions..

23

24    ### FORTY-SIXTH AFFIRMATIVE DEFENSE

25

26    Plaintiff's claims are barred, in whole or in part, to the extent that they lack standing to

27    pursue the claims alleged against Medtronic.

28

- 10 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

2

3       Plaintiff's claims are barred, in whole or in part, because Medtronic did not violate any

4  statute or law, as alleged by Plaintiff.

5

## FIFTIETH AFFIRMATIVE DEFENSE

6

7

8       Plaintiff's claims are barred, in whole or in part, because Medtronic is entitled to the benefit

9  of all defenses and presumptions contained in, or arising from, any rule of law or statute of any state

10  whose substantive law controls the action.

11

## FIFTY-FIRST AFFIRMATIVE DEFENSE

12

13

14      Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and

15  common law regarding limitation of awards, caps on recovery and setoffs.

16

## FIFTY-SECOND AFFIRMATIVE DEFENSE

17

18

19      Any verdict or judgment that might be recovered by Plaintiff must be reduced by those

20  amounts that have already indemnified Plaintiff, or will in the future with reasonable certainty

21  indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any

22  collateral source including but not limited to insurance, social security, workers' compensation or

23  employee benefit programs.

24

25

## FIFTY-THIRD AFFIRMATIVE DEFENSE

26

27      In the event that Plaintiff has sustained damages as alleged in the Complaint, which

28  Medtronic denies, discovery or investigation may reveal that Plaintiff's claims are barred or reduced

- 11 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    to the extent Plaintiff failed to mitigate any damages allegedly sustained.

2

3                    **FIFTY-FOURTH AFFIRMATIVE DEFENSE**

4

5        Plaintiff is not entitled to attorneys' fees under any act or theory forming the basis of any of

6    Plaintiff's claims.

7

8                    **FIFTY-FIFTH AFFIRMATIVE DEFENSE**

9

10       Medtronic alleges that the provisions of Civil Code Section 1431.2 are applicable to the

11   Complaint and each cause of action therein.

12

13                   **FIFTY-SIXTH AFFIRMATIVE DEFENSE**

14

15       Medtronic alleges that each of the other parties, and/or third persons not parties to this action,

16   may have been negligent or legally responsible or otherwise at fault for the damages alleged in

17   Plaintiff's Complaint. Medtronic, therefore, requests that in the event of a finding of any liability in

18   favor of Plaintiff or settlement or judgment against Medtronic, an apportionment of fault be made

19   among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 13 Cal. 3d 804

20   (1975). Medtronic further requests a judgment and declaration of partial indemnification and

21   contribution against all other parties or person in accordance with the apportionment of fault.

22

23                  **FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

24

25       Medtronic alleges that the State of California's judicially created definitions of manufacturing

26   defect and design defect and standards for determining whether there has been an actionable failure

27   to warn are unconstitutional in that, among other things, they are void for vagueness and place an

28   undue burden upon interstate commerce, as well as constitute an impermissible effort to regulate in

                                                - 12 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  an area that has previously been preempted by the federal government.

2

3  **FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

4

5  Plaintiff's claims are barred, in whole or in part, because all acts or omissions by Medtronic

6  (or its agent or representative) were privileged or justified.

7

8  **FIFTY-NINTH AFFIRMATIVE DEFENSE**

9

10  Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, collateral

11  estoppel, issue preclusion and/or claim preclusion.

12

13  **SIXTIETH AFFIRMATIVE DEFENSE**

14

15  Medtronic hereby gives notice that it intends to rely upon any other defenses that may

16  become available or apparent during the discovery proceedings in this matter and hereby reserves its

17  right to amend its Answer to assert any such defense.

18

19  WHEREFORE, Medtronic requests:

20

21  1.  That Plaintiff take nothing by the Complaint;

22

23  2.  A dismissal of the Complaint with prejudice and an award of Medtronic's reasonable

24  attorneys' fees to the extent permitted by law;

25

26  3.  Judgment in favor of Medtronic and against Plaintiff;

27

28  4.  Costs of suit herein; and

- 13 -

Defendant Medtronic, Inc.'s Answer to Plaintiff's First Amended Complaint and Jury Demand

1    5.    Such other and further relief that the Court may deem just and proper.

2

3    DATED: June 3, 2008.    REED SMITH LLP

4    By

5    Sonja S. Weissman
     Dana A. Blanton
6    Attorneys for Defendant
     Medtronic, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

Defendant Medtronic, Inc.'s Answer to Plaintiff's First Amended Complaint and Jury Demand

## REQUEST FOR JURY TRIAL

Answering Defendant respectfully requests a trial by jury on all causes of action and issues on which Answering Defendant is entitled to a jury trial.

DATED:  June 3, 2008.

REED SMITH LLP

By _____
Sonja S. Weissman
Dana A. Blanton
Attorneys for Defendant
Medtronic, Inc.

DOCSOAK-9908547.1

Defendant Medtronic, Inc.'s Answer to Plaintiff's First Amended Complaint and Jury Demand

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612. On June 3, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT MEDTRONIC, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

☐    by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐    by transmitting via email to the parties at the email addresses listed below:

Thomas A. Cohen, Esq.
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 777-1997
Fax: (415) 777-1990
Email: tomcohen@ionix.net
Attorney for Plaintiff

– 1 –
Proof of Service

1         I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct. Executed on June 3, 2008, at Oakland, California.

3

4    Trisha Suzette Hooper

5

6

7    DOCSOAK-9909685.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –
Proof of Service

**EXHIBIT D**

1  Sonja S. Weissman (SBN 154320)
   Dana A. Blanton (SBN 232373)
2  REED SMITH LLP
   1999 Harrison St., Suite 2400
3  Oakland, CA  94612
   Telephone:    510.763.2000
4  Facsimile:    510.273.8832
   Email:  sweissman@reedsmith.com;
5  dblanton@reedsmith.com

6  Michael K. Brown (SBN 104252)
   Ginger Heyman Pigott (SBN 162908)
7  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
8  Los Angeles, CA  90071
   Telephone:    213.457.8000
9  Facsimile:    213.457.8080
   Email:  mkbrown@reedsmith.com;
10 gheyman@reedsmith.com

11 Attorneys for Defendant
   Medtronic, Inc.

12

13                    UNITED STATES DISTRICT COURT

14              FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 JEFFREY SPICER,                    No.

17               Plaintiffs,          (Removal of San Mateo Superior Court Case No.
18                                    CIV 470954)
        vs.
19                                    **DECLARATION OF WILLIAM J.**
   MEDTRONIC, INC., MEDTRONIC PS      **HOOPER IN SUPPORT OF MEDTRONIC,**
20 MEDICAL, INC., and DOES 1 to 50,   **INC.'S NOTICE OF REMOVAL**

21               Defendants.

22

23

24

25

26

27

28

1    I, William J. Hooper, declare as follows:

2

3        1.      I am Vice President of Operations, Medtronic Neuromodulation ("Medtronic"). I

4    have been employed by Medtronic since 1987 and have held a variety of positions with

5    Medtronic. My business address is 710 Medtronic Parkway, Minneapolis, Minnesota 55432. I

6    have personal knowledge of the matters stated herein, and/or I have information based upon

7    documents maintained in the ordinary course of business. I could and would testify competently

8    thereto if called as a witness in this matter. I am over the age of 18 and a resident of the State of

9    Minnesota. I understand that this declaration is being provided in support of Medtronic's Notice

10   of Removal.

11

12       2.      I understand that in addition to Medtronic, the Amended Complaint filed in this

13   action names Medtronic PS Medical. I am aware that Medtronic PS Medical is a Medtronic

14   entity located in Goleta, California. However, Medtronic PS Medical did not manufacture or sell

15   the components identified in this case. I understand that the Complaint filed in this matter

16   describes the device at issue as the "tunneling tool and tip (also described as a carrier)" used to

17   assist with connection of extensions used in Deep Brain Stimulation ("DBS") device placement.

18   The described tunneling tool and tip is manufactured and assembled by Medtronic, Inc. in

19   Minnesota. The specific components identified in the Complaint were not manufactured by

20   Medtronic PS Medical. The DBS system of which the subject components are a part is sold by

21   Medtronic's Neuromodulation business unit, which is part of Medtronic, Inc.

22

23       I declare under penalty of perjury under the laws of the State of California and the United

24   States that the foregoing is true and correct.

25

26   Dated: June 4, 2008

27   _____
     William J. Hooper

28

- 1 -